IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL MELTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-09-1162 |
| § | |
| BROWN, ALCANTAR & BROWN, INC. § | |
| § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Defendant Brown, Alcantar & Brown, Inc. removed this action from the 80th District Court of Harris County, Texas, on the basis of diversity jurisdiction. Document No. 1 at 1-2 (Defendant's Notice of Removal). According to Defendant, diversity exists because "Plaintiff was, and is, a citizen of the state of South Carolina," and Defendant "was, and is, a corporation incorporated under the laws of the State of Texas, with its principal place of business in El Paso, Texas." Id. Because Defendant is a citizen of Texas, this action was removed in violation of Title 28, United States Code, Section 1441(b). See 28 U.S.C. § 1441(b) (an action may not be removed on the basis of diversity if any defendant is a citizen of the forum state).

In his Motion to Remand, Plaintiff represents that he advised Defendant's counsel at two state court hearings and in Plaintiff's First Amended Petition filed in the state court that removal would be improper. Document No. 5 at 4-5. Defendant has not denied that

representation. Moreover, Defendant's Notice of Removal in its opening sentence expressly cites its reliance upon 28 U.S.C. § 1441, which is the statute that *expressly* prohibits removal of a non-federal question case by a citizen of the State in which the case is filed. *See* 28 U.S.C. § 1441(b); *see also* 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3d. ed. 2008) ("Section 1441(b) explicitly provides, and the cases uniformly hold, that removal to federal court based on diversity of citizenship is available only if *none* of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought."). Defendant's baseless removal, even in the face of actual notice that Defendant had no basis for removal, is the kind of improper conduct that warrants the imposition of attorney's fees and costs upon Defendant under 28 U.S.C. § 1447(c). *See* Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993) ("[W]e hold that the propriety of the defendant's removal continues to be central in determining whether to impose fees.").

Unless Plaintiff and Defendant promptly agree upon and Defendant promptly pays Plaintiff's reasonable and necessary fees and costs, which the Court encourages both parties to agree upon in good faith, then within ten (10) days after the entry of this Order Plaintiff shall file his verified evidence of the amount of

reasonable and necessary fees and costs incurred in successfully moving for this remand.[1]  It is further

ORDERED that this case is REMANDED to the 80th District Court of Harris County, Texas, pursuant to 28 U.S.C. § 1441(b).

The Clerk shall mail a certified copy of this Order to the Clerk of the 80th District Court of Harris County, Texas, as required by 28 U.S.C. § 1447(c), and shall notify all parties and provide them with a true copy of this Order.

The Clerk will enter this Order and send copies to all parties of record.

SIGNED at Houston, Texas, on this 15TH day of June, 2009.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] See <u>Coward v. AC & S., Inc.</u>, 91 F. App'x 919, 922 (5th Cir. 2004) (holding that "a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified").